**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELEMENT SIX U.S. CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | (Jury Trial Demanded) |
| NOVATEK INC., | ) | |
| DAVID R. HALL, and | ) | |
| SCHLUMBERGER TECHNOLOGY | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Element Six U.S. Corporation, by and through its attorneys, for its Declaratory

Judgment Complaint, alleges as follows:

## PARTIES

1.      Plaintiff Element Six U.S. Corporation ("E6") is a company incorporated under

the laws of the State of New York, with its principal place of business at 35 West 45th Street,

New York, NY 10036.

2.      Defendant Novatek Inc. ("Novatek") is a Utah corporation, with its principal

place of business at 2185 Tracy Hall Parkway, Provo, UT 84606.

3.      On information and belief, Defendant David R. Hall ("Hall") is a resident of the

State of Utah and the President of Novatek and may be served at 2185 Tracy Hall Parkway,

Provo, UT 84606, Novatek's principal place of business.

4.      Defendant Schlumberger Technology Corp. ("Schlumberger") is a Texas

corporation, with its principal place of business at 5599 San Felipe Road, Suite 1600, Houston,

TX 77056.  Schlumberger registered National Registered Agents, Inc. located at 1999 Bryan St.,

Ste. 900, Dallas, TX 75201-3136 as its agent for service of process.

## JURISDICTION AND VENUE

5.      This is a complaint for declaratory relief under the patent laws of the United

States.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1338(a), and 2201 *et seq*.  This Court has personal jurisdiction over Novatek and Hall because

Novatek and Hall have purposefully availed themselves of the privilege of conducting business

within the State of Texas and this District and, thus, invoked the benefits and protections of its

laws.  Novatek and Hall have contracted with a Texas corporation, Schlumberger, and the

contract was negotiated and to be performed, at least in part, in this State.  Moreover, on

information and belief, Novatek has conducted significant business in the State through the use,

sale, or offer for sale of various products and/or technologies in Texas.

6.      This Court has personal jurisdiction over Schlumberger because Schlumberger is

a Texas corporation with its principal place of business in Houston, Texas.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## UNDERLYING FACTS

8.      E6 is a global leader in the design, development, and production of synthetic

super-abrasive materials, which includes manufactured polycrystalline diamond ("PCD"), cubic

boron nitride, and tungsten carbide.  While synthetic diamond is well known as the planet's

hardest known material, it has many extreme properties and is one of the most useful and

remarkable materials.  PCD comprises directly inter-bonded diamond grains sintered together  at

high pressures and temperatures.

9.      E6 provides a wide range of innovative PCD products and technologies to meet the demands of various industries, including but not limited to precision cutting, hardrock mining, and road planing industries, throughout North America and the world.  Included amongst these products are PCD-tipped road planing picks.

10.      In 2011, E6 supplied PCD-tipped picks for use in field-testing for road planing applications in connection with a Request For Proposal ("RFP") for a company in the United States.

11.      On or around September 16, 2011, E6 received email correspondence from Hall asserting that "Road Milling that … E6 … have been doing for the past few months that [sic] uses diamond enhanced picks that are in violation of one or more of Novatek's granted US Patents."  The September 16, 2011 email also demanded that E6 "cease immediately any use [of] these diamond enhanced picks as they infringe Novatek's patents."  A true and correct copy of the September 16, 2011 email correspondence is attached hereto as **Exhibit A.**

12.      On or around September 21, 2011, E6 responded via email correspondence to Hall requesting that Novatek identify the patents to which its September 16, 2011 email referred so that E6 can "conduct its own investigation."  E6 further requested that Novatek "provide further reasoning as to why [Novatek] consider[s] the diamond-enhanced picks to be infringing the patents."  A true and correct copy of the September 21, 2011 email correspondence is attached hereto as **Exhibit B.**

13.      On or around October 18, 2011, E6 received email correspondence from Hall stating that Novatek had conducted "visual inspections of [E6] parts that are being used commercially" to form the basis of its belief that E6 products infringe one or more Novatek patents.  Novatek further requested "drawings and specifications" of the E6 products so that

Novatek "can be precise in [its] description of [E6's] infringement."  A true and correct copy of the October 18, 2011 email correspondence is attached hereto as **Exhibit C.**

14.     On or around November 15, 2011, E6 received a letter from Hall asserting that E6 was "performing road milling using diamond enhanced picks that violate U.S. patent rights owned by Novatek Inc."  The November 15, 2011 letter further asserted that Novatek "owns the exclusive rights to U.S. Patent No. 7,384,105; U.S. Patent No. 7,665,552; U.S. Patent No. 7,353,893; U.S. Patent No. 7,469,756; U.S. Patent No. 8,028,774; and U.S. Patent No. 7,669,674 for this field of use."  A true and correct copy of the November 15, 2011 letter is attached hereto as **Exhibit D** and is incorporated herein by reference.

15.     E6 did not win the business that was the subject of the RFP.  Nevertheless, E6 is continuing its efforts to obtain and develop its road planing business, including but not limited to use, sale, and offers for sale of PCD-tipped road planing picks in the United States, through solicitation of business out of E6's Houston office, located at 24900 Pitkin Road, Suite 190, Spring, Texas 77386, in this District.

16.     On or around January 22, 2010, Hall and Schlumberger entered into an Intellectual Property Assignment (the "Assignment").  The Assignment purports to assign Schlumberger "the entire right, title, and interest in and to" various patents and patent applications, including but not limited to U.S. Patent Nos. 7,384,105, 7,665,552, 7,353,893, 7,469,756, 8,028,774, 7,669,674, 7,347,292. 8,109,349, 7,740,414, 7,338,135, 7,669,938, and 8,029,068, as well as "any and all direct and indirect divisions, continuations, and continuations-in-part of said application[s]."  A true and correct copy of the Assignment is attached hereto as **Exhibit E.**

17.     Schlumberger is the owner by assignment of U.S. Patent No. 7,384,105 (the "'105 Patent"), entitled "Attack Tool," filed on August 11, 2006, and issued on June 10, 2008.  On information and belief, Novatek and/or Hall are exclusive licensees to the '105 Patent for certain field(s) of use.  The '105 Patent identifies the alleged inventors as David R. Hall, Ronald Crockett, and Jeff Jepson.  A true and correct copy of the '105 Patent is attached hereto as **Exhibit F.**

18.     Schlumberger is the owner by assignment of U.S. Patent No. 7,665,552 (the "'552 Patent"), entitled "Superhard Insert with an Interface," filed on October 26, 2006, and issued on February 23, 2010.  On information and belief, Novatek and/or Hall are exclusive licensees to the '552 Patent for certain field(s) of use.  The '552 Patent identifies the alleged inventors as David R. Hall and Ronald Crockett.  A true and correct copy of the '552 Patent is attached hereto **as Exhibit G.**

19.     Schlumberger is the owner by assignment of U.S. Patent No. 7,353,893 (the "'893 Patent"), entitled "Tool with a Large Volume of a Superhard Material," filed on January 29, 2007, and issued on April 8, 2008.  On information and belief, Novatek and/or Hall are exclusive licensees to the '893 Patent for certain field(s) of use.  The '893 Patent identifies the alleged inventors as David R. Hall, Ronald Crockett, and Jeff Jepson.  A true and correct copy of the '893 Patent is attached hereto as **Exhibit H.**

20.     Schlumberger is the owner by assignment of U.S. Patent No. 7,469,756 (the "'756 Patent"), entitled "Tool with a Large Volume of Superhard Material," filed on November 30, 2007, and issued on December 30, 2008.  On information and belief, Novatek and/or Hall are exclusive licensees to the '756 Patent for certain field(s) of use.  The '756 Patent identifies the

alleged inventors as David R. Hall, Ronald Crockett, and Jeff Jepson.  A true and correct copy of the '756 Patent is attached hereto as **Exhibit I.**

21.     Schlumberger is the owner by assignment of U.S. Patent No. 8,028,774 (the "'774 Patent"), entitled "Thick Pointed Superhard Material," filed on November 25, 2009, and issued on October 4, 2011.  On information and belief, Novatek and/or Hall are exclusive licensees to the '774 Patent for certain field(s) of use.  The '774 Patent identifies the alleged inventors as David R. Hall, Ronald B. Crockett, Jeff Jepson, Scott Dahlgren, and John Bailey.  A true and correct copy of the '774 Patent is attached hereto as **Exhibit J.**

22.     Schlumberger is the owner by assignment of U.S. Patent No. 7,669,674 (the "'674 Patent"), entitled "Degradation Assembly," filed on March 19, 2008, and issued on March 2, 2010.  On information and belief, Novatek and/or Hall are exclusive licensees to the '674 Patent for certain field(s) of use.  The '674 Patent identifies the alleged inventors as David R. Hall, Ronald Crockett, and Scott Dahlgren.  A true and correct copy of the '674 Patent is attached hereto as **Exhibit K.**

23.     Schlumberger is the owner by assignment of U.S. Patent No. 7,347,292 (the "'292 Patent"), entitled "Braze Material For An Attack Tool," filed on January 29, 2007, and issued on March 25, 2008.  On information and belief, Novatek and/or Hall are exclusive licensees to the '292 Patent for certain field(s) of use.  The '292 Patent identifies the alleged inventors as David R. Hall, Ronald Crockett, and Jeff Jepson.  A true and correct copy of the '292 Patent is attached hereto as **Exhibit L.**

24.     Schlumberger is the owner by assignment of U.S. Patent No. 8,109,349 (the "'349 Patent"), entitled "Thick Pointed Superhard Material," filed on February 12, 2007, and issued on February 7, 2012.  On information and belief, Novatek and/or Hall are exclusive licensees to the

'349 Patent for certain field(s) of use.  The '349 Patent identifies the alleged inventors as David R. Hall, Ronald B. Crockett, John D. Bailey, Jeff Jepson, and Scott Dahlgren.  A true and correct copy of the '349 Patent is attached hereto as **Exhibit M.**

25.    Schlumberger is the owner by assignment of U.S. Patent No. 7,740,414 (the "'414 Patent"), entitled "Milling Apparatus For A Paved Surface," filed on November 2, 2007, and issued on June 22, 2010.  On information and belief, Novatek and/or Hall are exclusive licensees to the '414 Patent for certain field(s) of use.  The '414 Patent identifies the alleged inventors as David R. Hall and Ronald Crockett.  A true and correct copy of the '414 Patent is attached hereto as **Exhibit N.**

26.    Schlumberger is the owner by assignment of U.S. Patent No. 7,338,135 (the "'135 Patent"), entitled "Holder For A Degradation Assembly," filed on August 11, 2006, and issued on March 4, 2008.  On information and belief, Novatek and/or Hall are exclusive licensees to the '135 Patent for certain field(s) of use.  The '135 Patent identifies the alleged inventors as David R. Hall, Ronald Crockett, and Jeff Jepson.  A true and correct copy of the '135 Patent is attached hereto as **Exhibit O.**

27.    Schlumberger is the owner by assignment of U.S. Patent No. 7,669,938 (the "'938 Patent"), entitled "Carbide Stem Press Fit Into A Body Of A Pick," filed on July 6, 2007, and issued on March 2, 2010.  On information and belief, Novatek and/or Hall are exclusive licensees to the '938 Patent for certain field(s) of use.  The '938 Patent identifies the alleged inventors as David R. Hall, John Bailey, and Ronald B. Crockett.  A true and correct copy of the '938 Patent is attached hereto as **Exhibit P.**

28.    Schlumberger is the owner by assignment of U.S. Patent No. 8,029,068 (the "'068 Patent"), entitled "Locking Fixture For A Degradation Assembly," filed on April 30, 2008, and

issued on October 4, 2011.  On information and belief, Novatek and/or Hall are exclusive licensees to the '068 Patent for certain field(s) of use.  The '068 Patent identifies the alleged inventors as David R. Hall and Scott Dahlgren.  A true and correct copy of the '068 Patent is attached hereto as **Exhibit Q.**

29.     The '105 Patent, '552 Patent, '893 Patent, '756 Patent, '774 Patent, '674 Patent, '292 Patent, '349 Patent, '414 Patent, '135 Patent, '938 Patent, and '068 Patent shall be collectively referred to as the "Hall Patents."  The Hall Patents also include, without limitation, any and all related patents (divisionals, continuations, continuations-in-part, etc.) which claim the benefit of or priority to any one or more of the '105 Patent, '552 Patent, '893 Patent, '756 Patent, '774 Patent, '674 Patent, '292 Patent, '349 Patent, '414 Patent, '135 Patent, '938 Patent, and '068 Patent, or patent applications related thereto.  The Hall Patents also include any and all patents that Hall may allege in any counterclaim, separate lawsuit, or other like proceeding, are infringed by one or more E6 products.

30.     Schlumberger was and is the owner of the Hall Patents that Novatek and/or Hall accused E6 of infringing in the September 16, October 18, November 15, 2011 letters and correspondence in connection with the RFP.

31.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, there is a substantial, immediate, and real controversy between Novatek and E6 regarding Novatek's allegations that E6's PCD-tipped road planing picks infringe one or more patents allegedly licensed to Novatek and/or owned by Schlumberger and/or Hall.  E6 has a reasonable fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking to enjoin business and seek a judgment that (a) E6 infringes or has infringed the Hall Patents and (b) E6 owes Novatek and/or Schlumberger damages for this alleged infringement of the Hall

Patents.  In light of Novatek and/or Hall's past allegations of infringement, E6 anticipates that Schlumberger, Novatek, and/or Hall will file suit alleging that E6's road planing PCD picks infringe one or more of the Hall Patents.  Considering the harm to E6's business due to the uncertainty created by Novatek and/or Hall's allegations, E6 now seeks a court order declaring that E6 does not infringe the Hall Patents and that the Hall Patents are invalid.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,384,105)

32.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

33.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '105 Patent.

34.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '105 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '105 Patent.

35.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '105 Patent.

36.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

37.     E6 requests that this Court enter an order declaring that the '105 Patent is not infringed by E6.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,665,552)**

38.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

39.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '552 Patent.

40.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '552 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '552 Patent.

41.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '552 Patent.

42.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

43.     E6 requests that this Court enter an order declaring that the '552 Patent is not infringed by E6.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,353,893)**

44.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

45.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '893 Patent.

-10-

46.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '893 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '893 Patent.

47.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '893 Patent.

48.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

49.     E6 requests that this Court enter an order declaring that the '893 Patent is not infringed by E6.

### FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,469,756)**

50.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

51.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '756 Patent.

52.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '756 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '756 Patent.

53.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '756 Patent.

54.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

55.     E6 requests that this Court enter an order declaring that the '756 Patent is not infringed by E6.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,028,774)**

56.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

57.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '774 Patent.

58.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '774 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '774 Patent.

59.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '774 Patent.

60.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

61.     E6 requests that this Court enter an order declaring that the '774 Patent is not infringed by E6.

### SIXTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,669,674)**

62.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

63.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '674 Patent.

64.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '674 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '674 Patent.

65.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '674 Patent.

66.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

67.     E6 requests that this Court enter an order declaring that the '674 Patent is not infringed by E6.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,347,292)**

68.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

69.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '292 Patent.

70.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '292 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '292 Patent.

71.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '292 Patent.

72.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

73.     E6 requests that this Court enter an order declaring that the '292 Patent is not infringed by E6.

**EIGHTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,109,349)**

74.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

75.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '349 Patent.

-14-

76.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '349 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '349 Patent.

77.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '349 Patent.

78.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

79.     E6 requests that this Court enter an order declaring that the '349 Patent is not infringed by E6.

**<u>NINTH CLAIM FOR RELIEF</u>**
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,740,414)**

80.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

81.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '414 Patent.

82.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '414 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '414 Patent.

83.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '414 Patent.

84.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

85.     E6 requests that this Court enter an order declaring that the '414 Patent is not infringed by E6.

## TENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,338,135)

86.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

87.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '135 Patent.

88.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '135 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '135 Patent.

89.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '135 Patent.

90.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

91.     E6 requests that this Court enter an order declaring that the '135 Patent is not infringed by E6.

## ELEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,669,938)

92.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

93.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '938 Patent.

94.     Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '938 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '938 Patent.

95.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '938 Patent.

96.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

97.     E6 requests that this Court enter an order declaring that the '938 Patent is not infringed by E6.

## TWELFTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,029,068)**

98.    E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

99.    An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the infringement of the '068 Patent.

100.    Based upon the September 16, October 18, November 15, 2011 letters and correspondence, E6 has a substantial and immediate fear that Novatek, Hall, and/or Schlumberger will file a suit against E6 seeking a judgment that (a) E6's PCD-tipped road planing picks infringe or have infringed one or more claims of the '068 Patent and (b) E6 owes Novatek, Hall, and/or Schlumberger damages for the alleged infringement of the '068 Patent.

101.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that E6 has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the '068 Patent.

102.    Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

103.    E6 requests that this Court enter an order declaring that the '068 Patent is not infringed by E6.

## THIRTEENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,384,105)**

104.    E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

105.    An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '105 Patent.

106.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '105 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

107.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

108.     E6 requests that this Court enter an order declaring that the claims of the '105 Patent are invalid.

## FOURTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,665,552)

109.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

110.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '552 Patent.

111.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '552 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

112.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

113.     E6 requests that this Court enter an order declaring that the claims of the '552 Patent are invalid.

## FIFTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,353,893)

114.    E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

115.    An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '893 Patent.

116.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '893 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

117.    Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

118.    E6 requests that this Court enter an order declaring that the claims of the '893 Patent are invalid.

## SIXTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,469,756)

119.    E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

120.    An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '756 Patent.

121.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '756 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

122.    Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

123.     E6 requests that this Court enter an order declaring that the claims of the '756 Patent are invalid.

## SEVENTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,028,774)

124.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

125.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '774 Patent.

126.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '774 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

127.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

128.     E6 requests that this Court enter an order declaring that the claims of the '774 Patent are invalid.

## EIGHTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,669,674)

129.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

130.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '674 Patent.

131.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '674 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

132.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

133.     E6 requests that this Court enter an order declaring that the claims of the '674 Patent are invalid.

**NINETEENTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,347,292)**

134.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

135.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '292 Patent.

136.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '292 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

137.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

138.     E6 requests that this Court enter an order declaring that the claims of the '292 Patent are invalid.

**TWENTIETH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,109,349)**

139.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

140.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '349 Patent.

141.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '349 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

142.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

143.     E6 requests that this Court enter an order declaring that the claims of the '349 Patent are invalid.

**TWENTY-FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,740,414)**

144.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

145.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '414 Patent.

146.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '414 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

147.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

148.     E6 requests that this Court enter an order declaring that the claims of the '414 Patent are invalid.

**TWENTY-SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,338,135)**

149.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

150.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '135 Patent.

151.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '135 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

152.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

153.     E6 requests that this Court enter an order declaring that the claims of the '135 Patent are invalid.

## TWENTY-THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,669,938)

154.     E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

155.     An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '938 Patent.

156.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '938 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

157.     Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

158.     E6 requests that this Court enter an order declaring that the claims of the '938 Patent are invalid.

## TWENTY-FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,029,068)

159.    E6 repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

160.    An actual and justiciable controversy exists between E6 and Schlumberger, Novatek, and Hall as to the '068 Patent.

161.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that one or more claims of the '068 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

162.    Novatek's actions are ongoing and are continuing to inflict irreparable harm upon E6 as to which there exists no adequate remedy at law.

163.    E6 requests that this Court enter an order declaring that the claims of the '068 Patent are invalid.

## DEMAND FOR JURY TRIAL

164.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, E6 demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Element Six U.S. Corporation prays that the Court:

a.    declare that E6 and its PCD-tipped road planing picks do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the Hall Patents;

b.    declare that the claims of the Hall Patents are invalid;

c.    declare this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and award reasonable attorneys' fees to E6; and

d.      award E6 such other costs and further relief as is just and proper.


Dated:  January 13, 2014                          Respectfully Submitted,

Of Counsel:                                       /s/ R. Paul Yetter
                                                  R. Paul Yetter
KILPATRICK TOWNSEND &                             State Bar No. 22154200
   STOCKTON LLP                                   Eric P. Chenoweth
William H. Boice (*pro hac vice pending*)         State Bar No. 24006989
1100 Peachtree Street, Suite 2800                 YETTER COLEMAN LLP
Atlanta, Georgia 30309                            909 Fannin, Suite 3600
(404) 815-6464                                    Houston, Texas 77010
(404) 541-3134 (Fax)                              (713) 632-8000
                                                  (713) 632-8002 (Fax)

Kristopher L. Reed (*pro hac vice pending*)
John D. Cadkin (*pro hac vice pending*)
1400 Wewatta Street, Suite 600
Denver, Colorado 80211                            *Attorney-In-Charge for Plaintiff*
(303) 571-4000                                    *Element Six U.S. Corporation*
(303) 265-9618 (Fax)